# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-210-RJC-DSC

| | |
|---|---|
| **MARY CLEO COUICK,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **WYETH, INC. et al.,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on defendants Wyeth, Inc. and Schwarz Pharma, Inc.'s motion for summary judgment (Doc. No. 44) and the related briefs (Doc. Nos. 45, 52, & 54). For the reasons stated below, the Court will **GRANT** the defendants' motion.

## I. BACKGROUND

Metoclopramide is a prescription pharmaceutical approved by the Food and Drug Administration for the treatment of gastroesophageal reflux, among other conditions. Reglan® is the name-brand version of the drug, produced at different times by defendants Wyeth, Inc. ("Wyeth") and Schwarz Pharma, Inc. ("Schwarz"). The remaining defendants to this action, among others, produced at various times the generic formulation of metoclopramide, and these defendants are not party to this motion.

The plaintiff, Mary Cleo Couick, took generic metoclopramide tablets from roughly July 2002 until April 2007. She alleges the drug caused her to develop tardive dyskinesia, a debilitating neurological condition. Couick has stipulated that she ingested only generic metoclopramide tablets and that she did not take any metoclopramide, whether generic or Reglan®, manufactured by Wyeth

or Schwarz. (Doc. No. 43 at 1).  Rather than claiming Wyeth or Schwarz manufactured or sold the metoclopramide she ingested, the plaintiff claims Wyeth and Schwarz are liable for her injuries because they failed to adequately warn her doctors about the risks associated with metoclopramide.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment.  Id. at 324.  The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  "'Where the Record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677, 557 U.S. ___ (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

Couick asserts multiple claims against Wyeth and Schwarz including: negligence (Count 1); breach of undertaking special duty (Count 2); misrepresentation by omission (Count 3); negligent misrepresentation (Count 4); constructive fraud (Count 5); fraud by concealment (Count 6); intentional infliction of emotional distress (Count 7); negligent infliction of emotional distress (Count 8); unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 (Count 9); breach of express warranty (Count 10); and breach of implied warranties (Count 11). Each of these claims is based on the premise that Wyeth and Schwarz are liable for Couick's physical condition because they failed to adequately warn Couick's doctors about the dangers of metoclopramide.

While the plaintiff's claims are masked in various legal theories, they are premised on a single claim of product liability. N.C. Gen. Stat. § 99B-1(3) states that a "'[p]roduct liability action' includes any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling of any product." Couick brought this action against Wyeth and Schwarz for her personal injury (tardive dyskinesia) allegedly caused by or resulting from the defendants' inadequate warnings associated with its name-brand drug. It thus clearly falls within North Carolina's definition of a product liability action.

With the plaintiff's claims appropriately narrowed to a claim for product liability, the Court must grant the defendants' motion for summary judgment. Couick cites no North Carolina authority

3

allowing a name-brand drug manufacturer to be held liable for injuries caused by a generic competitor's drug. Unmentioned by Couick, although litigated by plaintiff's counsel, is Stoddard v. Wyeth, Inc. [1] There, the court exercising diversity jurisdiction and applying North Carolina law, held under nearly identical facts that name-brand defendants could not be held liable for product liability in such a scenario. 630 F. Supp. 2d 631, 634 (E.D.N.C. 2009) ("[U]nder North Carolina law a manufacturer of a brand name pharmaceutical may not be held liable for injuries stemming from the use of another manufacturer's generic bioequivalent."). This Court agrees with Stoddard and declines to extend North Carolina product liability law beyond what the State's own courts have determined.

Fourth Circuit precedent also guides the Court in this determination. While applying Maryland law, the court in Foster v. American Home Products Corp. analyzed an analogous scenario. 29 F.3d 165 (4th Cir. 1994). The court plainly stated,

> We . . . reject the contention that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug. . . . There is no legal precedent for using a name brand manufacturer's statements about its own product as a basis for liability for injuries caused by other manufacturers' products, over whose production the name brand manufacturer had no control. This would be especially unfair when, as here, the generic manufacturer reaps the benefits of the name brand manufacturer's statements by copying its labels and riding on the coattails of its advertising. The premarketing approval scheme Congress established for generic equivalents of previously approved drugs cannot be construed to create liability of a name brand manufacturer when another manufacturer's drug has been consumed.

Id. at 170. While the Foster court was addressing Maryland law, the Court finds its logic equally applicable to North Carolina product liability law. Imposing a duty upon the name-brand

---

[1] In fact the Court notes that plaintiff's Response to Motion for Summary Judgement filed in the instant case is identical to that filed in Stoddard even in one instance using the name Gary Stoddard instead of Mary Cleo Couick, the plaintiff herein. (Doc. No. 52 at p2).

4

manufacturers for alleged injuries sustained by a product they did not manufacture would "stretch the concept of foreseeability too far." Id. at 171.

Because neither Wyeth nor Schwarz manufactured or sold the drugs that allegedly caused Couick's injuries, the plaintiff has failed to put forth sufficient evidence from which a reasonable jury could return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Consequently, the Court must grant the name-brand defendants' motion for summary judgment.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the name-brand defendants' motion for summary judgment (Doc. No. 44) is **GRANTED**, and all claims against Wyeth and Schwarz are hereby dismissed.

**SO ORDERED.**

Signed: March 8, 2010

Robert J. Conrad, Jr.
Chief United States District Judge