# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-210-RJC-DSC

| MARY CLEO COUICK, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| WYETH, INC., et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on defendants Wyeth, Inc. and Schwarz Pharma, Inc.'s motion for entry of final judgment (Doc. Nos.62, 63). The plaintiff consents to the granting of the motion and the entry of final judgment. For the reasons stated below, the Court will **GRANT** the motion.

## I. BACKGROUND

Plaintiff Mary Cleo Couick filed this action on May 27, 2009, alleging injuries as a result of her ingestion of generic metoclopramide. She sued name-brand metoclopramide (Reglan®) producers Wyeth and Schwarz, as well as generic metoclopramide producers Pliva USA, Inc., Actavis, Inc., and Actavis Elizabeth LLC. Couick stipulated that she ingested only generic metoclopramide tablets and that she did not take any metoclopramide, whether generic or brand name, manufactured by Wyeth or Schwarz. Rather than claiming Wyeth or Schwarz manufactured or sold the metoclopramide she ingested, Couick claimed Wyeth and Schwarz were liable for her injuries because they failed to adequately warn her doctors about the risks associated with metoclopramide.

This Court dismissed all claims against Wyeth and Schwarz on March 8, 2010, holding that

Couick had failed to state a claim for products liability under North Carolina law. (Doc. No. 60). Wyeth and Schwarz now move for entry of final judgment as to the claims against them.

## II. LEGAL STANDARD

Wyeth and Schwarz move for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The purpose of a Rule 54(b) entry of a final judgment is "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" and "to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Because of the importance of preventing piecemeal appeals, a Rule 54(b) entry of a final judgment is recognized as the exception rather than the norm and is disfavored in the Fourth Circuit. Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 942 (E.D. Va. 1998).

The Court's determination of whether to enter final judgment involves two steps. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. Id. at 7. Second, the Court must determine whether there is any "just reason for delay" in entering judgment. Id. at 8. In this step, the Court should consider "judicial administrative interests as well as the equities involved." Id. The burden to persuade the Court that entry of final judgment is appropriate rests with the moving party. Braswell, 1 F.3d at 1335.

2

Rule 54(b) certification of appealability is for the rare case where no just reason for delay in entering judgment exists. Curtiss-Wright, 466 U.S. at 8. The Fourth Circuit has listed several factors the Court should consider, if applicable, when determining whether there is just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell, 2 F.3d at 1335-36.

## III. DISCUSSION

The court determines that final judgment should be entered in favor of Wyeth and Schwarz. This court previously dismissed all claims against Wyeth and Schwarz because the uncontroverted evidence established that the plaintiff's injuries, if any, were caused by a product manufactured or sold by a manufacturer other than Wyeth or Schwarz.

Under the first step of the final judgment inquiry, the dismissed claims are separable from the claims against the remaining defendants. The judgment as to Wyeth and Schwarz is thus final. Second, there is also no just reason to delay entering final judgment as to Wyeth and Schwarz. There is little, if any, relationship between the adjudicated and unadjudicated claims, and there is no possibility that the need for review might be mooted by future developments in this Court. Further, there is no possibility that the reviewing court would need to consider later the same issue a second time, because the dismissed claims involve a legal issue distinct from the remaining claims: the duties of a brand name drug manufacturer to warn individuals of the dangers posed by another

3

manufacturer's generic bioequivalent. Therefore, there is no just reason to delay entry of final judgment as to the claims against Wyeth and Schwarz.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the motion for entry of final judgment (Doc. No.62) is **GRANTED**, and the Court's March 8, 2010, Order (Doc. No. 60) is certified as final. The Clerk is directed to enter final judgment in favor of Defendants Wyeth, Inc. and Schwarz Pharma, Inc. only, pursuant to Federal Rule of Civil Procedure 54(b).

**SO ORDERED.**

Signed: May 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge