UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-210-RJC-DSC

| | |
|---|---|
| MARY CLEO COUICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ACTAVIS, INC., | ) |
| ACTAVIS ELIZABETH LLC, and | ) |
| PLIVA USA, INC., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Defendants' Motion to Stay All Proceedings (Doc. No. 70).

On December 10, 2010, the United States Supreme Court granted certiorari in three cases involving the preemption issue raised by the Defendants in the instant case. See PLIVA, Inc. v. Mensing, No. 09-993 (U.S. cert. granted Dec. 10, 2010); Actavis Elizabeth LLC v. Mensing, No. 09-1039 (U.S. cert. granted Dec. 10, 2010); Actavis, Inc. v. Demahy, No. 09-1501 (U.S. cert. granted Dec. 10, 2010). Those cases have been consolidated and are scheduled for oral argument before the Supreme Court on March 30, 2011. The Defendants have moved to stay this case until the Supreme Court decides those consolidated cases, as the decision will likely have a direct impact on this case. The Plaintiff opposes the motion, arguing that postponing resolution of this case will simply lengthen the period of time before she can obtain damages for her injuries and proper care.

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "How this

can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Amdur v. Lizars, 372 F.2d 103, 106 (4th Cir. 1967) (quoting Landis, 299 U.S. at 254-55).

> In considering the propriety of a stay of proceedings, the court should be specifically mindful . . . that a stay may not be immoderate in extent nor oppressive in its consequences and that it is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible to prevision and description.

Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 113 (4th Cir. 1988) (quoting Landis, 299 U.S. at 256-57).

The Court finds, after balancing the interests of the parties, that a stay of the proceedings is the appropriate course. If the Supreme Court finds that state law is preempted on the issue in question, then this Plaintiff's claims will likely need to be dismissed. If on the other hand, the Supreme Court answers the preemption question in the negative, the scope of the issues and arguments in this case may still be narrowed. It would be a waste of the parties' resources to engage in significant discovery on issues later eliminated by the Supreme Court's decision. Further, dispositive motions are due in this case by April 16, 2011. For the parties to brief and the Court to determine a motion for summary judgment involving the very issue the Supreme Court will decide in short order would be imprudent, especially where that issue may be dispositive to the Plaintiff's case.

The Court understands the Plaintiff's desire to continue this litigation without delay. However, she has not made a convincing showing that the delay, which the Court expects to be a matter of five to six months, will seriously impact her medical care or otherwise work a grave injustice.

**IT IS, THEREFORE, ORDERED** that:

1. the Defendants' Motion to Stay All Proceedings (Doc. No. 70) is **GRANTED**;

2. this matter is **STAYED** pending the United States Supreme Court's resolution of the <u>Mensing</u> and <u>Demahy</u> cases;

3. Upon the issuance of Supreme Court decisions in <u>Mensing</u> and <u>Demahy</u>, the parties shall file a motion for Status Conference with proposed new deadlines; and

4. the Clerk of Court is directed to correct the party name in the docket from "Activus, Inc." to "Actavis, Inc."

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge